**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0433-23

KYLE FORCINITO,

    Plaintiff-Appellant,

v.

BOROUGH OF CLAYTON,

    Defendant-Respondent.

_____

Submitted May 29, 2024 – Decided July 25, 2024

Before Judges Sumners and Rose.

Op appeal from the Superior Court of New Jersey, Law Division, Gloucester County, Docket No. L-0512-23.

Hegge & Confusione, LLC, attorneys for appellant (Michael Confusione, of counsel and on the briefs).

Brown & Connery, LLP, attorneys for respondent (William F. Cook, and Arlette Leyba, on the brief).

PER CURIAM

    Plaintiff Kyle Forcinito began his employment as a police officer with the

Borough of Clayton Police Department in 2015 and served admirably for almost

eight years with no prior disciplinary charges and received commendations for his service. However, after testing positive for steroids while competing in a June 2022 United States Bodybuilding Federation (USBF) competition, followed by another positive test for steroids conducted by the police department's internal affairs unit four months later, Forcinito was placed on administrative leave. He was later served with a Preliminary Notice of Disciplinary Action recommending termination, based on conduct unbecoming an officer by testing positive for banned substances; violating the Attorney General's policy governing Drug Screening for Police Officers; and violating departmental rules regarding high ethical standards by cheating in the bodybuilding competition, failure to notify his supervisor he used medication that would impair his senses, and disobeying drug laws.

A one-day departmental trial was conducted by an appointed hearing officer. The Borough presented the testimony of Captain Lauren Franklin and Chief Andrew Davis regarding the police department's investigation and Forcinito's violation of department and Attorney General drug policy. According to the Borough, it had no choice but to terminate Forcinito because the Attorney General's drug policy "make[s] no exception for intent" and affords "no discretion" as to his punishment. Forcinito testified that his ingestion of

2

anabolic contaminants to compete in bodybuilding competitions was unintentional. He had never "purchased any illegal steroids" because he feared losing his father's support and his police officer position. If disciplined, he requested he not be terminated.

The hearing officer issued a written decision sustaining the Borough's charges and terminating Forcinito. The hearing officer determined Forcinito's defense that he did not intentionally or knowingly ingest the banned substances was not credible given his prior notice and awareness of the drug testing policies governing his position. Adopting the hearing officer's conclusions, the Borough thereafter served Forcinito a Final Notice of Disciplinary Action, terminating his employment.

Forcinito subsequently filed a complaint in lieu of prerogative writs requesting a trial de novo "dismiss[ing] the charges against him, or, in the alternative, modifying the excessive and disproportionate penalty imposed upon him." After hearing the parties' arguments, the judge reserved decision. The judge subsequently issued an order and written decision dismissing the action and denying Forcinito any relief.

Before us, Forcinito argues the hearing officer's findings are not controlling and the judge failed to conduct independent findings of fact. He

claims the judge erroneously relied on an unadmitted hearsay email by the non-testifying Andrew L. Falzon, M.D, New Jersey Department of Health Chief State Medical Examiner, to Captain Franklin stating that an anabolic substance drostanonlone found in Forcinito's system must be taken via intramuscular injection and not through a supplement. The judge agreed with the hearing officer that the email undermined Forcinito's defense that he unknowingly ingested tainted supplements. Forcinito contends because neither the hearing officer nor the judge relied on "substantial credible evidence," discipline less than termination is "warranted." Lastly, Forcinito contends the offense does not warrant termination and progressive discipline should be considered to lessen his penalty considering his "unblemished" employment. We find insufficient merit in these arguments to warrant extensive discussion, R. 2:11-3(e)(1)(E), and affirm, adding only the following brief comments.

Pursuant to N.J.S.A. 40A:14-150, actions like this are heard de novo to ensure that a neutral, unbiased forum will review the disciplinary decision. In re Disciplinary Procs. of Phillips, 117 N.J. 567, 580 (1990). While a trial judge conducting a de novo review must give deference to the credibility determinations drawn by the original tribunal, those initial findings are not controlling. State v. Johnson, 42 N.J. 146, 157 (1964); Donofrio v. Haag Bros.,

Inc., 10 N.J. Super. 258, 262 (App. Div. 1950). Instead, "careful sifting and weighing of the evidence and independent findings of fact . . . are the hallmark of a de novo trial." King v. Ryan, 262 N.J. Super. 401, 412 (App. Div. 1993). We are amply satisfied that the judge faithfully adhered to these principles.

Our role is more limited than the trial judge's; we do not make new factual findings but simply determine whether there was evidence to support the trial judge's findings. Johnson, 42 N.J. at 161. Unless the decision under review is "arbitrary, capricious or unreasonable" or "[un]supported by substantial credible evidence in the record as a whole," a judge's de novo findings should not be disturbed. See Henry v. Rahway State Prison, 81 N.J. 571, 580 (1980); Campbell v. Dep't of Civ. Serv., 39 N.J. 556, 562 (1963). Our application of this standard advocates against appellate intervention in the trial court's decision.

The trial judge's well-reasoned decision reveals careful consideration and evaluation of the hearing record. Even though Forcinito correctly points out the judge considered Dr. Falzon's hearsay email, the judge's findings were not solely based on this statement, and there is "a residuum of legally competent evidence" supporting the judge's finding that Forcinito violated the department's and Attorney General's drug policy. Ruroede v. Borough of Hasbrouck Heights, 214

5

N.J. 338, 359-60 (2013) (citation omitted). There is no dispute that Forcinito twice tested positive for banned substances that were not medically prescribed or recommended, and for which he presented no expert testimony supporting his claim that contaminated supplements caused his positive tests. In addition, the prescription for intramuscular injections Forcinito provided to the department was dated after he took the department's drug test.

As for Forcinito's discipline, the Attorney General's drug policy requires a violator's termination and does not authorize a penalty short of termination. The fact that Forcinito had an unblemished disciplinary record and served admirably is of no significance under the violated policies.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0433-23